# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

DEVONTE LUNSFORD,         )
                                    )
      Movant,               )
                                    )     No. 3:14-00874
v.                            )     Senior Judge Haynes
                                    )
UNITED STATES OF AMERICA,   )
                                    )
      Respondent.        )

## M E M O R A N D U M

Movant, Devonte Lunsford, filed this pro se action under 28 U.S.C. § 2255, seeking to vacate, set aside, or correct sentence for armed bank robbery and brandishing a firearm during and in relation to a crime of violence, for which he received an effective sentence of 120 months. Movant asserts (1) that his attorney was ineffective because he failed to challenge the affidavit in support of the criminal complaint, he failed to request discovery, and he failed to file a motion to suppress evidence; (2) that because a jury did not find that Movant brandished the firearm his sentence could not be enhanced to eighty-four (84) months in light of <u>Alleyne v. United States</u>, 133 S. Ct. 2151 (2013); and (3) that under <u>Alleyne</u> he is actually innocent of the brandishing count because he was not charged with brandishing in the indictment and that, as a result, he should have been sentenced to 60 months for possessing, carrying or using a firearm under 18 U.S.C. § 924(c)(1)(A) instead of sentenced to the mandatory 84 months for brandishing under 18 U.S.C. § 924(c)(1)(A)(ii).

The Court ordered Respondent to respond, (Docket Entry No. 3), to which Respondent filed a motion to dismiss (Docket Entry No. 11), asserting (1) that Movant's ineffective assistance of counsel claims are conclusory and that the record shows that Movant's counsel's performance was

not deficient and that Movant did not suffer any prejudice from any alleged inaction by his counsel; (2) that Movant's claims under Alleyne are procedurally defaulted and that, in any event, Movant admitted to brandishing of the firearm at his guilty plea; and (3) that Movant is not actually innocence of the crime.

The Court appointed the Federal Public Defender to represent Movant, (Docket Entry No. 15), and in an amended motion to vacate[1] (Docket Entry No. 21), asserted (1) that Movant was denied effective assistance of counsel by counsel's failure to advise adequately Movant of the impact of Alleyne on plea proceedings and sentencing; (2) that the imposition of a sentence for "brandishing" a firearm violated the Sixth Amendment right to trial by jury where Movant did not admit to all of the essential elements of "brandishing" a firearm in furtherance of a crime of violence; and (3) that trial counsel was ineffective for failing to recognize this Sixth Amendment violation at sentencing, failing to recognize and preserve the issue for appeal, and failing to appeal the issue to the Sixth Circuit.

Respondent filed a supplemented motion to dismiss (Docket Entry No. 23), contending that the indictment specifically charged Movant with brandishing a firearm and Movant could not have pled guilty without admitting that element of the offense as charged in the indictment and that

---

[1] "Generally, amended pleadings supersede original pleadings." Hayward v. Cleveland Clinic Found., 759 F.3d 601, 617 (6th Cir. 2014). "This rule applies to habeas petitions." Braden v. United States, 817 F.3d 926, 930 (6th Cir. 2016) (citing Calhoun v. Bergh, 769 F.3d 409, 410 (6th Cir. 2014) cert. denied sub nom. Calhoun v. Booker, --U.S. --, 135 S.Ct. 1403 (2015)). Yet, the Sixth Circuit has "recognized exceptions to this rule where a party evinces an intent for the amended pleading to supplement rather than supersede the original pleading, and where a party is forced to amend a pleading by court order. Id. (citations omitted). "An amended pleading supersedes a former pleading if the amended pleading 'is complete in itself and does not refer to or adopt a former pleading[.]'" Id. (citations omitted). Movant's counsel specifically stated that the amended motion supplements Movant's prior claims. Thus, the Court will address the claims in both motions to vacate.

Movant's argument that he did not actually admit to brandishing a firearm is procedurally defaulted, waived, and, factually erroneous.

## A. Findings of Fact

On May 10, 2012, Movant and a co-defendant were charged in a criminal complaint with armed bank robbery. (Criminal No. 3:12-cr-00094-01, Docket Entry No. 1). The complaint alleged that on May 8, 2012, two men, brandishing guns, entered a bank and demanded money from bank employees. Id., at 2. The men left the bank with $17,898, but were soon apprehended by the police. Id., at 2-3. Movant was in possession of a bag with $14,719 and a loaded pistol. Id., at 3. A video capturing the robbery showed that one of the robber's clothing matched the clothing worn by Movant at the time of his arrest. Id. Movant waived his Miranda rights and confessed verbally and in writing to Federal Bureau of Investigation Agent Charles Dick. Id.

On May 14, 2012, Movant appeared for his initial appearance and was temporarily detained. Id., Docket Entry Nos. 7, 11. The magistrate judge set a preliminary examination and detention hearing for May 17, 2012. Id., Docket Entry No. 7. On May 16, 2012, a federal grand jury indicted Movant for armed bank robbery in violation of 18 U.S.C. §§ 2113(a), (d) and 2 (Count One), and for using, carrying and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2 (Count Two). Id., Docket Entry No. 18. Count Two charged that Movant "did knowingly use, carry, and brandish, a firearm: to wit a Taurus, .40 caliber pistol, during and in relation to a crime of violence . . . that is armed bank robbery . . . . In violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2." Id., at 2 (emphasis added).

3

On August 5, 2013, Movant pled guilty to armed bank robbery and to brandishing a firearm during and in relation to a crime of violence. Id., Docket Entry Nos. 64-65. The plea petition states, in part, the following:

> (3) I have received a copy of the indictment before being called upon to plead and have read and discussed it with my lawyer, and believe and feel that I understand every accusation made against me in the indictment.
>
> (4) I have had sufficient opportunity to discuss with my lawyer the facts and surrounding circumstances concerning the matters mentioned in the indictment. My lawyer has counseled and advised with me as to the nature and cause of every accusation against me. We have thoroughly discussed the government's case against me and my potential defenses to the government's case. My lawyer has explained each element of the crime charged to me and what the government would offer to prove these elements beyond a reasonable doubt.
>
> (5) I understand that the statutory penalty for each of the offenses with which I am charged is,
> a. as to Count One - armed bank robbery:
>> i. not more than twenty-five (25) years imprisonment,
>> ii. restitution of no more than $9,324.17,
>> iii. a fine of up to $250,000.00,
>> iv. a mandatory $100 special assessment, and
>> v. a term of supervised release of not more than five (5) years in addition to such term of imprisonment.
>
> b. as to Count Two - brandishing a firearm during a crime of violence:
>> i. not less than seven (7) years imprisonment,
>> ii. a fine of up to $250,000.00,
>> iii. a mandatory $100 special assessment, and
>> iv. a term of supervised release of not more than three (3) years in addition to such term of imprisonment.
>
> I understand that terms of imprisonment for convictions on more than one count may be ordered to run concurrently or consecutively with each other and that a sentence on Count Two would be required to run consecutively to the sentence on Count One.
>
> (6) . . . . My lawyer and I have discussed the calculation of the Guidelines in my case. My lawyer has given me an estimate of the Guidelines range that may apply in my case as **33 - 41 months + 84 months (117 - 125 months).**

Id., Docket Entry No. 65 at 1-2 (emphasis added and in original).

At his plea colloquy, Movant acknowledged that he was pleading guilty "[t]o a bank robbery charge and brandishing a firearm." Id., Docket Entry No. 77 at 6. The Court also stated, "For the use, carrying, and brandishing of a firearm, the government will be required to prove the offense of the armed bank robbery and also prove that you, in fact, used, carried or brandished a firearm during that bank robbery. Do you understand that?" Id., at 11. Movant responded "Yes, sir." Id. The Court then asked Movant, "Do you understand what the government has to prove to show that you brandished a firearm during the act of violence? Do you understand that?," to which Movant responded, "Yes, sir." Id., 12.

Movant also stated that he was satisfied with his counsel's representation and that counsel had gone over with him the charges, the elements of the offense, the maximum penalty, his discovery of the government's proof if Movant's case went to trial, and what counsel's investigation into the charges revealed. Id., at 17. Movant also testified that he was not pleading guilty because his lawyer was making him do it and that no one from the government had threatened him, leaned on him, or promised him anything. Id. at 18. Movant further testified that he made his decision to plead guilty freely and did so with the benefit of his lawyer's advice. Id.

A statement of proof against Movant was then read into the record that included the statement that "[t]he two men both brandished weapons and approached the teller stations." Id., at 19. Movant admitted that the statements of fact were true and accurate. Id., at 20. Movant also testified as follows:

Q. Tell me what you did.

A. Me? I had the gun in my possession, and me and Tanner Patterson forced ourselves into the bank and robbed the bank.

Q. Did you have something with you? I couldn't hear it. What did you have with you when you robbed the bank?

A. The gun, sir.

Q. Did you show it?

A. Yes, sir.

Id., at 21.

At the November 1, 2013 sentencing hearing, the Court sentenced Movant to 36 months on the armed bank robbery count and 84 months on the firearm count to run consecutively, for a total sentence of 120 months. Id., Docket Entry Nos. 72, 73 and 78.

## B. Conclusions of Law

An evidentiary hearing in a Section 2255 proceeding is not required if the record conclusively establishes that a movant is not entitled to relief. Arredondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999); Rule 8, Rules Governing Section 2255 Proceedings for the United States District Courts. Thus, an evidentiary hearing is not required if "the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" Arredondo, 178 F.3d at 782 (quoting Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)). Also, where the court considering the § 2255 motion also conducted the plea and sentencing hearings, that court may rely on its recollection of those proceedings. Id. ("Where . . . the judge considering the § 2255 motion also conducted the trial, the judge may rely on his or her recollections of the trial.").

Under Rule 8(a) of the Rules Governing Section 2255 Proceedings, the Court must consider the "answer, any transcripts and records of prior proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." Such materials may include "letters predating the filing of the motion, documents, exhibits, and answers under oath to written interrogatories propounded by the judge," as well as affidavits. Rule 7(b), Rules Gov'g § 2255 Proceedings. Upon consideration of Movant's filings, the Court finds that there are no evidentiary issues to be resolved and that an evidentiary hearing is not required. The Court will dispose of the motion without a hearing. Rule 8(a), Rules Gov'g § 2255 Proceedings.

For relief under § 2255, a prisoner must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the Court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail on a § 2255 motion asserting constitutional error, a movant "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." Watson v. United States, 165 F.3d 486, 488 (6th Cir. 1999) (citing Brecht v. Abrahamson, 507 U.S. 619, 637-638 (1993)). To prevail on a § 2255 motion asserting non-constitutional error, the movant must show a "fundamental defect which inherently results in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process." Id. (quoting United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) citing Hill v. United States, 368 U.S. 424, 428 (1962) (internal quotation marks omitted)).

The Sixth Amendment guarantees criminal defendants the right to the effective assistance of counsel during their criminal proceedings, Missouri v. Frye, --- U.S. ----, 132 S. Ct. 1399, 1404 (2012), and this right applies to "all 'critical' stages of the criminal proceedings." Montejo v.

Louisiana, 556 U.S. 778, 786 (2009) (citation omitted).  Given his guilty plea, Movant's claims for

relief are limited as a matter of law:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in [McMann. v. Richardson, 397 U.S. 759, 770 (1970)].

Tollett v. Henderson, 411 U.S. 258, 267 (1973) (emphasis added).

Since Tollett, the Supreme Court reiterated in United States v. Broce, 488 U.S. 563 (1989),

on a defendant's withdrawal of his guilty plea:

> "A defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action. More particularly, absent misrepresentation or other impermissible conduct by state agents, a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise." 397 U.S., at 757, 90 S.Ct., at 1473 (citation omitted).

Similarly, we held in McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970), that a counseled defendant may not make a collateral attack on a guilty plea on the allegation that he misjudged the admissibility of his confession. "Waiving trial entails the inherent risk that the good-faith evaluations of a reasonably competent attorney will turn out to be mistaken either as to the facts or as to what a court's judgment might be on given facts." Id., at 770, 90 S.Ct., at 1448. See also Tollett v. Henderson, 411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973) ("[J]ust as it is not sufficient for the criminal defendant seeking to set aside such a plea to show that his counsel in retrospect may not have correctly appraised the constitutional significance of certain historical facts, it is likewise not sufficient that he show that if counsel had pursued a certain factual inquiry such a pursuit would have uncovered a possible constitutional infirmity in the proceedings") (citation omitted).

8

Id. at 572.

To establish ineffective assistance of counsel, Movant must demonstrate that his trial counsel performed deficiently and that counsel's performance resulted in prejudice. Strickland v. Washington, 466 U.S. 668, 687 (1984). As the Supreme Court has explained:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.

> Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Id. As to the "performance" inquiry, "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Id. at 688. Under Strickland, "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." Id. at 691.

In Strickland, the Supreme Court cautioned that "[j]udicial scrutiny of counsel's performance must be highly deferential," and must avoid the "second-guess[ing of] counsel's assistance . . . [, as] it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689. To avoid "the distorting effects of hindsight," a reviewing "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that . . . the challenged action 'might be considered sound trial strategy.'" Id. (citation omitted).

9

To establish that counsel's performance was deficient under <u>Strickland</u>, a movant "must identify acts that were 'outside the wide range of professionally competent assistance.'" <u>Smith v. United States</u>, 348 F.3d 545, 551 (6th Cir. 2003) (quoting <u>Strickland</u>, 466 U.S. at 690). In evaluating whether a movant has received counsel that falls short of what the Sixth Amendment guarantees to a defendant, "[i]t will generally be appropriate for a reviewing court to assess counsel's overall performance throughout the case in order to determine whether the 'identified acts or omissions' overcome the presumption that a counsel rendered reasonable professional assistance." <u>Kimmelman v. Morrison</u>, 477 U.S. 365, 386 (1986) (quoting <u>Strickland</u>, 466 U.S. at 690).

In evaluating the prejudice prong, courts must be mindful that "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." 466 U.S. at 693. Indeed, "[v]irtually every act or omission of counsel would meet that test, and not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding." <u>Id</u>. (citation omitted). Rather, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id</u>. at 694. "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" <u>Williams v. Taylor</u>, 529 U.S. 362, 391 (2000) (quoting <u>Strickland</u>, 466 U.S. at 694).

"[T]he two-part <u>Strickland v. Washington</u> test applies to challenges to guilty pleas based on ineffective assistance of counsel." <u>Hill v. Lockhart</u>, 474 U.S. 52, 58 (1985). Where the ineffective assistance of counsel claim involves a guilty plea, "the first half of the <u>Strickland v. Washington</u> test is nothing more than a restatement of the standard of attorney competence already set forth in <u>Tollett</u> . . . ." <u>Id</u>. Under the "prejudice" requirement, "the defendant must show that there is a reasonable

10

probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59. Thus, "[f]or example, where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error 'prejudiced' the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial." Id.; Dando v. Yukins, 461 F.3d 791, 800 (6th Cir. 2006). Similarly, where counsel is alleged to have failed to advise the defendant of a potential affirmative defense "the resolution of the 'prejudice' inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial." Id.; Maples v. Stegall, 340 F.3d 433, 440 (6th Cir. 2003).

## 1. Movant's Pro Se Claims

### a. Ineffective Assistance of Counsel Claims

Movant asserts that his counsel, Sumter Camp, provided ineffective assistance of counsel by failing to challenge the affidavit in support of the criminal complaint, to request discovery, and to file a motion to suppress. As to failing to challenge the affidavit, the record reflects that Movant appeared for his initial appearance and was temporarily detained on May 14, 2012. The magistrate judge set a preliminary and detention hearing for May 17, 2012. On May 16, 2012, a day before the preliminary hearing, a federal grand jury indicted Movant. Thus, once he was indicted by the grand jury, Movant lost his right to a preliminary hearing and the ability of his counsel to challenge the affidavit in support of the criminal complaint. See Fed. R. Crimp. R. 5.1(a)(2) ("If a defendant is

charged with an offense other than a petty offense, a magistrate judge must conduct a preliminary hearing unless . . . the defendant is indicted."). Accordingly, this claim lacks merit.

Movant's next claim is that his counsel failed to request discovery. In his affidavit, Camp states, in relevant part, as follows:

> 3. While it is correct that affiant did not file a discovery motion, the reason was because the Local Criminal Rules provide for a Standing Discovery Rule that requires the prosecution to provide discovery on or before fourteen (14) days from the date of the arraignment. Those Rules also provide that affiant could not file a motion for discovery unless affiant could certify that the prosecution had not provided discovery and that affiant had conferred with the prosecutor in order to resolve any discovery conflict.

> 4. A review of the case file by affiant shows that the government provided discovery materials on June 4, 2012, June 5, 2012, and September 24, 2012, and copies of the discovery were sent to Mr. Lunsford on June 5, 2012, June 7, 2012, and October 23, 2012. The file does not show that there was any reason for affiant to file a discovery motion in this case.

(Civil No. 3:14-cv-00874, Docket Entry No. 10-1, Sumter Affidavit at ¶¶ 3-4); see Local Criminal Rule 16.01.

Thus, Camp attests that the government provided discovery materials to him on at least three occasions and that Camp sent copies of the discovery to Movant. Movant does not provide any details or specify the nature of any alleged discovery materials that his counsel allegedly failed to seek or why such materials would have influenced his decision to plead guilty. Movant also stated under oath at the plea hearing that he was satisfied with his counsel's representation and that counsel had gone over with him what counsel discovered the government may be in a position to prove if Movant's case went to trial and what counsel's investigation into the charges revealed. Accordingly, the Court concludes that this claim lacks merit.

Camp also attests that after reviewing and discussing the discovery materials with Movant Camp "did not believe that there was any basis under the Fourth, Fifth, or Sixth Amendments to file a motion to suppress evidence." (Docket Entry No. 10-1, at ¶ 5). The decision not to file a futile motion to suppress does not constitute ineffective assistance. United States v. Hanley, 906 F.2d 1116, 1121 (6th Cir. 1990). Movant does not allege any facts that would warrant his counsel filing a suppression motion. Therefore, the Court concludes that this claim lacks merit.

### b. Alleyne Claims

Movant also contends that because a jury did not find that Movant brandished the firearm, he was not eligible for having his sentence enhanced to eighty-four (84) months in light of Alleyne v. United States, 133 S. Ct. 2151 (2013) and that under Alleyne he is actually innocent of the brandishing count that was not charged in the indictment. Respondent asserts that this claim is procedurally defaulted and, alternatively, Movant admitted to brandishing of the firearm at his guilty plea.

In Alleyne, the defendant was charged with multiple federal crimes, including robbery affecting interstate commerce, 18 U.S.C. § 1951(a), and using or carrying a firearm in relation to a crime of violence, § 924(c)(1)(A). 133 S. Ct. at 2155. The jury found that the defendant had used or carried a firearm during and in relation to a crime of violence, but did not make a finding that the defendant brandished the firearm. Id. at 2156. At sentencing, the defendant argued that because the jury did not find brandishing beyond a reasonable doubt he was subject only to the five year minimum for using or carrying a firearm. Id. The district court determined that brandishing was a sentencing factor that the court could find by a preponderance of evidence and sentenced the defendant to the seven year mandatory minimum on the § 924(c) count. Id.

The Supreme Court stated that "[f]acts that increase the mandatory minimum sentence are ... elements and must be submitted to the jury and found beyond a reasonable doubt." Id. at 2158. The Supreme Court concluded that "[b]ecause the finding of brandishing increased the penalty to which the defendant was subjected, it was an element, which had to be found by the jury beyond a reasonable doubt. The judge, rather than the jury, found brandishing, thus violating petitioner's Sixth Amendment rights." Id. at 2163-64.

Here, Movant's pro se claims are procedurally defaulted as Movant failed to raise any Alleyne claims at sentencing or on appeal. A § 2255 motion "is not a substitute for a direct appeal, and thus a defendant cannot use it to circumvent the direct appeal process." Regalado v. United States, 334 F.3d 520, 528 (6th Cir. 2003) (citing United States v. Frady, 456 U.S. 152, 167-68 (1982)). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" Bousley v. United States, 523 U.S. 614, 622 (1998). For cause a movant must "show some objective factor external to the defense" that interfered with his efforts to comply with procedural rules. Coleman v. Thompson, 501 U.S. 722, 753 (1991). "Demonstrating prejudice requires showing that the trial was infected with constitutional error." Franklin v. Anderson, 434 F.3d 412, 417 (6th Cir. 2006). "To establish actual innocence, petitioner must demonstrate that, 'in light of all the evidence,' 'it is more likely than not that no reasonable juror would have convicted him.'" Bousley, 523 U.S. at 623 (citations and internal quotation marks omitted). Yet, "'actual innocence' means factual innocence, not mere legal insufficiency." Id.

The Supreme Court issued <u>Alleyne</u> on June 17, 2013. Movant pled guilty on August 6, 2013. Movant fails to show cause and actual prejudice for failing to raise these claims at sentencing or on direct appeal or that he is factually innocent. Further, Movant's factual admission during the guilty plea establishes the basis for his sentence for brandishing a firearm. Movant understood the charge against him, knew the consequences of brandishing, and voluntarily pled guilty, admitting that he brandished a firearm during the bank robbery. In <u>United States v. Yancy</u>, 725 F.3d 596 (6th Cir. 2013), the Sixth Circuit stated, "[b]ecause <u>Alleyne</u> did not involve the effect of a defendant's admission of the facts necessary for an aggravated crime, it leaves undisturbed our cases deeming such admissions fatal to <u>Apprendi</u> claims. [Sixth Circuit] cases recognize that, when a defendant knowingly admits the facts necessary for a sentence enhancement in the context of a plea, simultaneously waiving his Sixth Amendment right to a jury trial, no <u>Apprendi</u> problem arises." <u>Id</u>. at 601.

### 2. Claims in Movant's Amended Motion to Vacate

In his amended motion filed by his appointed counsel, Movant asserts that he was denied effective assistance of counsel by counsel's failure to advise Movant adequately of the impact of <u>Alleyne</u> on plea proceedings and sentencing and for failing to appeal whether Movant admitted to all of the essential elements of brandishing a firearm during and in relation to a crime of violence. Movant also argues that the imposition of a sentence for brandishing a firearm violated his Sixth Amendment right to trial by jury because Movant did not admit to all of the essential elements of brandishing a firearm during and in relation to a crime of violence.

### a. Failure to Advise of Impact of <u>Alleyne</u> on Plea Proceedings and Sentencing

Movant contends that his counsel failed to recognize that under <u>Alleyne</u>, any guilty plea to Count Two of the indictment, which charged a violation of 18 U.S.C. § 924(c)(1)(A), required an admission only of carrying a firearm during and in relation to a crime of violence because the indictment cited only the portion of the statute that criminalized the use, possession or carrying of a firearm during and in relation to a crime of violence, as opposed to 18 U.S.C. § 924( c)(1)(A)(ii) that includes the element of brandishing. Movant asserts that his trial counsel failed to advise him that he need not admit to brandishing the firearm for the purposes of an open plea because the indictment failed to cite the portion of the statute establishing brandishing as an element of the offense. Movant asserts that as a result of such failure he admitted to greater criminal culpability than charged in the indictment. Movant asserts that had counsel properly advised him, Movant would have openly pled to using or carrying a firearm and therefore been subjected to a five-year mandatory minimum term of imprisonment with respect to the firearm charge instead of the seven-year mandatory minimum that he received.

A plea of guilty is valid if entered voluntarily, knowingly and intelligently, and its validity is determined under the totality of the circumstances. <u>Brady v. United States</u>, 397 U.S. 742, 748-49 (1970); <u>Boykin v. Alabama</u>, 395 U.S. 238, 242-44 (1969). The Constitution requires that a defendant be informed of the direct consequences of his plea, <u>Brady</u>, 397 U.S. at 755, including the maximum possible sentence. <u>Riggins v. McMackin</u>, 935 F.2d 790, 796 (6th Cir. 1991). In the plea bargaining process, "a defendant must show the outcome of the plea process would have been different with competent advice. <u>Lafler v. Cooper</u>, 132 S. Ct. 1376, 1384 (2012). "[W]here the court has scrupulously followed the required [plea] procedure, 'the defendant is bound by his

statements in response to that court's inquiry.'" Baker v. United States, 781 F.2d 85, 90 (6th Cir.

1986) (citations omitted).

Title 18 U.S.C. § 924(c)(1)(A)(i)-(iii) provides:

(c)(1)(A) Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—

(i) be sentenced to a term of imprisonment of not less than 5 years;
(ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
(iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

Id. (emphasis added).

Although Movant asserts that had counsel properly advised him he would have openly pled

to using or carrying a firearm and not have admitted to brandishing, the indictment, unlike the

indictment in Alleyne, expressly charged brandishing. The indictment charged that Movant "did

knowingly use, carry, and brandish, a firearm . . . during and in relation to a crime of violence . . .

. In violation of Title 18, United States Code, Sections 924(c)(1)(A)." (Criminal No. 3:112-cr-

00094-01, Docket Entry No. 18 at 2). The indictment cited § 924(c)(1)(A) that provides, "Except

to the extent that a greater minimum sentence is otherwise provided by this subsection or by any

other provision of law . . . ." Thus, Movant was charged with using and carrying that called for a

five-year mandatory minimum sentence, and brandishing that called for a seven-year mandatory

minimum. Movant could not have openly pled guilty only to using or carrying a firearm during and

in relation to a crime of violence as the indictment also charged the additional element of the offense, brandishing. United States v. Broce, 488 U.S. 563, 570 (1989) ("A guilty plea 'is more than a confession which admits that the accused did various acts.' It is an 'admission that he committed the crime charged against him.' By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime.") (citations omitted); McCarthy v. United States, 394 U.S. 459, 466 (1969) ("a guilty plea is an admission of all the elements of a formal criminal charge"). Further, Alleyne established that brandishing is an element, not a sentencing factor.

Movant argues that because the indictment charged in the conjunctive the manner in which the statute could be violated, he therefore could have admitted only to using or carrying the firearm and that admission would have established a factual basis for the plea. Yet, as stated above, brandishing was a specific element of the charged offense and, unlike using or carrying, calls for a seven-year mandatory minimum. To be sure, "an 'indictment count that alleges in the conjunctive a number of means of committing a crime can support a conviction if any of the alleged means are proved.'" United States v. Hathaway, 798 F.2d 902, 913 (6th Cir. 1986) (citations omitted). As explained by the Sixth Circuit:

> The government's right to charge in the conjunctive and prove in the disjunctive reflects the necessary discrepancies between indictments and jury instructions. Indictments must be phrased in the conjunctive so that society can be confident that the grand jury has found probable cause for all of the alternative theories that go forward. Juries, on the other hand, may convict a defendant on any theory contained in the indictment. As a result, judges read jury instructions in the disjunctive.

18

United States v. LaPointe, 690 F.3d 434, 440 (6th Cir. 2012). Thus, after a trial a jury may convict a defendant on any theory contained in the indictment and, of course, pursuant to a plea agreement a prosecutor may agree to any one theory as well.

Movant, however, does not cite any authority that a defendant may choose to plead open only to a portion of the elements charged in the indictment. Here, the indictment expressly charged the offense of brandishing a firearm during and in relation to a crime of violence. Thus, the Court concludes that Movant fails so show that his counsel acted deficiently or that he suffered any prejudice from counsel's performance.

### b. Failing to Appeal Whether Movant Admitted to all of the Elements of Brandishing

Movant asserts that during the plea colloquy he did not admit to all of the essential elements of brandishing a firearm during and in relation to a crime of violence and that his counsel failed to recognize and preserve this issue for appeal and to appeal this issue to the Sixth Circuit. Specifically, Movant cites the following testimony at the plea hearing:

Q. Tell me what you did.

A. Me? I had the gun in my possession, and me and Tanner Patterson forced ourselves into the bank and robbed the bank.

Q. Did you have something with you? I couldn't hear it. What did you have with you when you robbed the bank?

A. The gun, sir.

Q. Did you show it?

A. Yes, sir.

(Criminal No. 3:12-cr-00094-01, Docket Entry No. 77 at 21).

Movant asserts that Movant did not state to whom he showed the gun or the purpose for which he showed the gun, citing 18 U.S.C. § 924(c)(4). That section provides:

> For purposes of this subsection, the term "brandish" means, with respect to a firearm, to display all or part of the firearm, or otherwise make the presence of the firearm known to another person, in order to intimidate that person, regardless of whether the firearm is directly visible to that person.

Id.

The record reflects that at the plea hearing, Movant testified, under oath, that he was pleading guilty "[t]o a bank robbery charge and brandishing a firearm." (Criminal No. 3:12-cr-00094-01, Docket Entry No. 77 at 6). The Court asked, "For the use, carrying, and brandishing of a firearm, the government will be required to prove the offense of the armed bank robbery and also prove that you, in fact, used, carried or brandished a firearm during that bank robbery. Do you understand that?" Id., at 11. Movant responded "Yes, sir." Id. The Court then asked Movant, "Do you understand what the government has to prove to show that you brandished a firearm during the act of violence? Do you understand that?," to which Movant responded, "Yes, sir." Id., 12. A statement of proof against Movant was then read into the record that included the statement that "[t]he two men both brandished weapons and approached the teller stations." Id., at 19. Movant admitted that the statements of fact were true and accurate. Id., at 20. Movant also stated that he was satisfied with his counsel's representation and that counsel had gone over with him the charges, the elements of the offense, the maximum penalty, what his counsel discovered what the government may be in a position to prove if Movant's case went to trial, and what counsel's investigation into the charges revealed. Id., at 17.

Based upon this record, the Court concludes that Movant admitted to all of the essential elements of brandishing. Moreover, "[t]he Constitution does not require lawyers to advise their clients of the right to appeal. Rather, the Constitution is only implicated when a defendant actually requests an appeal, and his counsel disregards the request." Ludwig v. United States, 162 F.3d 456, 459 (6th Cir. 1998). Movant does not allege that he asked counsel to file an appeal. Accordingly, for these reasons, the Court concludes that this claim must fail.

### C. Whether Movant Admitted to all of the Elements of Brandishing

Lastly, Movant argues that the imposition of a sentence for brandishing a firearm violated his Sixth Amendment right to trial by jury because Movant did not admit to all of the essential elements of brandishing a firearm during and in relation to a crime of violence. For the same reasons stated in the Court's procedural default analysis, this claim is also procedurally defaulted. Moreover, for the reasons stated earlier, the plea hearing reflects that Movant admitted to all of the essential elements of brandishing, and this claim should be denied for this reason as well.

For these collective reasons, the Court concludes that Respondent's motions to dismiss (Docket Entry Nos. 11 and 23) should be granted and Movant's motions to vacate, set aside, or correct sentence (Docket Entry Nos. 1 and 21) should be denied and this action should be dismissed with prejudice.

An appropriate Order is filed herewith.

**ENTERED** this the _10_ day of January, 2017.

WILLIAM J. HAYNES, JR.
Senior United States District Judge